FILED'09 APR 02 12:11 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID JOSEPH ELKINS,                08-CV-799-PK

    Plaintiff,                      ORDER

v.

CITY OF PORTLAND, ROSIE
SIZER, DAN SLAUSON, and
JOSH GOLDSCHMIDT,

    Defendants.

**BROWN, Judge.**

    Magistrate Judge Paul Papak issued Findings and Recommendation (#18) on December 18, 2008, in which he recommended the Court grant Defendants' Motion to Dismiss (#9). Plaintiff filed timely Objections to the Findings and

1 - ORDER

Recommendation. The matter is now before this Court pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b).

When any party objects to any portion of the Magistrate Judge's Findings and Recommendation, the district court must make a *de novo* determination of that portion of the Magistrate Judge's report. 28 U.S.C. § 636(b)(1). *See also United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003)(en banc); *United States v. Bernhardt*, 840 F.2d 1441, 1444 (9th Cir. 1988).

This Court has carefully considered Plaintiff's Objections and concludes Plaintiff does not provide a basis to modify the Findings and Recommendation. The Magistrate Judge thoroughly analyzed the substance of Plaintiff's objection in the Finding and Recommendation and correctly concluded that 42 U.S.C. § 1983 does not provide any basis for Plaintiff to assert he has a federally-protected, reasonable expectation of privacy in a public place based on Article I, § 9, of the Oregon Constitution. In other words, the Magistrate Judge correctly concluded Plaintiff's § 1983 claim must be based on a violation of federal law and that there is not any federally-protected privacy interest in a person's movement in public places.

The Court also agrees the Magistrate Judge correctly interpreted the Oregon Tort Claims Act when he concluded that

any state-law claims that Plaintiff seeks to bring against employees of the City of Portland must be brought against the City and not the individual actors. It appears Plaintiff acknowledges this rule and intends to amend his Complaint accordingly.

In addition, the Court concurs with the Magistrate Judge as to the application of Oregon law with respect to Plaintiff's attempted claims for "stalking," intentional infliction of emotional distress, negligence, and conspiracy. If Plaintiff intends to attempt to proceed with such claims against the City of Portland in an amended complaint, he must heed the Magistrate Judge's directions concerning the deficiencies of his Complaint as originally pleaded.

Finally, the Court also has reviewed the pertinent portions of the record *de novo* and does not find any error in the Magistrate Judge's Findings and Recommendation. In addition, the Court grants Plaintiff leave to amend his Complaint as recommended by the Magistrate Judge. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 623 (9th Cir. 1988).

## CONCLUSION

The Court **ADOPTS** Magistrate Judge Papak's Findings and Recommendation (#18), **GRANTS** Defendants' Motion to Dismiss (#9), and **GRANTS** Plaintiff leave to file an amended Complaint no later

3 -- ORDER

than April 30, 2009, to address the deficiencies as set forth by the Magistrate Judge.

IT IS SO ORDERED.

DATED this 1st day of April, 2009.

                                              _____
                                              ANNA J. BROWN
                                              United States District Judge

4 - ORDER