IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DAVID JOSEPH ELKINS,

          Plaintiff,

v.

CITY OF PORTLAND,

          Defendant.

CV. 08-799-PK

FINDINGS AND RECOMMENDATION

PAPAK, Magistrate Judge:

      Plaintiff David Joseph Elkins, appearing pro se, brings this action against Defendant City of Portland for stalking, intentional infliction of emotional distress and negligence. Elkins' second amended complaint alleges that the Portland Police Bureau, an agency of the City of Portland, used aircraft to follow his movements. Now before the court are the City of Portland's

Page 1 - FINDINGS AND RECOMMENDATION

Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim and Elkins' Motion for a More Definite Statement under Federal Rule of Civil Procedure 12(e). The court should decline to exercise jurisdiction under 28 U.S.C. § 1367(c)(3) and sua sponte dismiss all of Elkins' remaining claims without prejudice. The City of Portland's Motion to Dismiss and Elkins' Motion for a More Definite Statement should be denied as moot.

## LEGAL STANDARD

Supplemental jurisdiction exists where state law claims are so related to claims over which the court has federal question jurisdiction that they form part of the same case or controversy. 28 U.S.C. § 1367(a). Claims form part of the same case or controversy if they "derive from a common nucleus of operative fact." *United Mine Workers v. Gibbs*, 383 U.S. 715, 725 (1966). In the Ninth Circuit, the exercise of supplemental jurisdiction by a federal district court is discretionary, provided the case falls under one of the four enumerated circumstances set out in 28 U.S.C. § 1367(c). *Exec. Software N. Am. v. U.S. Dist. Court*, 24 F.3d 1545, 1558 (9th Cir. 1994) *overruled on other grounds by Cal. Dep't of Water Res. v. Powerex Corp.*, 533 F.3d 1087, 1092 (9th Cir. 2008). One of these circumstances is if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

## BACKGROUND

Elkins' second amended complaint sets forth in detail several instances, from 2004 through 2008, when he has observed aircraft that appeared to be following his movements in and near Portland, Oregon. In October 2008, Elkins filed his initial complaint that alleged violations of his rights secured by the Fourth and Fourteenth Amendments and sought relief under 42 U.S.C. § 1983, in addition to several supplemental state law claims. The court dismissed the

Page 2 - FINDINGS AND RECOMMENDATION

complaint for failure to state a claim, but gave Elkins leave to amend. Elkins second amended complaint is now before the court. The current complaint asserts state causes of action for stalking, intentional infliction of emotional distress and negligence, but includes no federal claims.

## ANALYSIS

"To decline jurisdiction under § 1367(c)(3), the district court must first identify the dismissal that triggers the exercise of discretion and then explain how declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity." *Trustees of the Constr. Indus. & Laborers Health & Welfare Trust v. Desert Valley Landscape & Maint., Inc.,* 333 F.3d 923, 925 (9th Cir. 2003). Ninth Circuit "cases upholding the exercise of discretion under § 1367(c)(3) have all involved dismissals for failure to state a claim or a grant of summary judgment to the defendant on the federal claim." *Id.* at 926.

The decision to decline jurisdiction under § 1367(c)(3) is "informed by the *Gibbs* values of economy, convenience, fairness and comity." *Acri v. Varian Associates, Inc.,* 114 F.3d 999, 1001 (9th Cir. 1997) (en banc) (citations omitted). "[I]n the usual case in which all federal claims are eliminated before trial, the balance of factors . . . judicial economy, convenience, fairness and comity- will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon University v. Cohill,* 484 U.S. 343, 350 n. 7 (1988). When federal law claims are "eliminated at an early stage of the litigation, the District Court [has] a powerful reason to choose not to continue to exercise jurisdiction." *Id.* at 351. Moreover, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law."

Page 3 - FINDINGS AND RECOMMENDATION

*Gibbs,* 383 U.S. at 726.

Here, the court dismissed Elkins' federal claims pursuant to the defendants' motion under rule 12(b)(6). The court gave Elkins leave to amend and provided specific instructions regarding the deficiencies of his claims. He opted to drop his federal claims. As a practical matter, for the purposes of the analysis described in *Trustees,* the federal claims in this case were dismissed. At any rate, dismissal would also be proper under 28 U.S.C. § 1367(c)(2) (district courts may decline to exercise supplemental jurisdiction when the state law claims "substantially predominate" over the federal claims). Since Elkins failed to state a federal claim, the court may exercise its discretion under § 1367(c)(3) to decline supplemental jurisdiction.

The *Gibbs* factors of efficiency, convenience, fairness and comity also support dismissal here. Procedurally, this case is still in an early stage, as there has not yet been any discovery. There have been no long delays or preparations for trial. In addition, this case now presents questions of state law best adjudicated by Oregon's courts in the interest of comity and fairness. The court should therefore decline to exercise supplemental jurisdiction and dismiss Elkins' state law claims without prejudice to his ability to bring those claims in state court.

## CONCLUSION

For the reasons set forth above, I recommend the dismissal of Elkins' state law claims sua sponte and without prejudice to his ability to bring those claims in state court. Elkins' Motion for a More Definite Statement (#37) and the City of Portland's Motion to Dismiss (#33) should be denied as moot.

## SCHEDULING ORDER

The Findings and Recommendation will be referred to a district judge. Objections, if any,

Page 4 - FINDINGS AND RECOMMENDATION

are due August 3, 2009. If no objections are filed, then the Findings and Recommendation will go under advisement on that date.

If objections are filed, then a response is due within 10 days after being served with a copy of the objections. When the response is due or filed, whichever date is earlier, the Findings and Recommendation will go under advisement.

IT IS SO ORDERED.

Dated this 20th day of July, 2009.

Honorable Paul Papak
United States Magistrate Judge